Good morning. May it please the Court, Laurie Schoenberg, on behalf of the Plaintiff Appellant, I'd like to reserve two minutes for rebuttal in this case. All right. In this case, the District Court dismissed Mr. Ashfaque's action for lack of jurisdiction because it found that his alleged failure to respond to an informational request concerning his criminal history caused the Department of Homeland Security to deny an adjustment of status application for him as a matter of discretion and deprived it of jurisdiction to review the agency's denial of his application. There are several faulty findings that underlie the District Court's reasoning here. First, uncontested allegations in Mr. Ashfaque's complaint, which the District Court was required to take as true, stated that Mr. Ashfaque answered an informational request about his criminal history when he answered a notice of intent to deny his adjustment of status application issued by the Department of Homeland Security. We have those documents, right? Yes, we do. And he didn't answer the question. He just continued his argument about the status of his conviction, not what he was asked. Well, he was asked for a description and explanation of the circumstances surrounding his arrest and conviction. Correct. And I looked at the documents and I didn't see that. Well, Your Honor, we did. Mr. Ashfaque did provide through counsel copies of the certified minute order underlying his criminal conviction as well as a record of post-conviction proceedings. He did argue that the conviction, which was a disturbing peace conviction, did not justify the denial of his adjustment of status application. It seems to be what his response was. This is sort of like, okay, I'm going to tell you again what I told you before. I don't think as a matter of law that this qualifies. So the question really is, with respect to the immigration, is why wouldn't it be permitted to say, well, you didn't respond to what we asked for. Therefore, within our discretion, we're going to deny this. The problem, Your Honor, is that the underlying agency notice of intention denied was not very specific about what, in fact, they were asking for. I mean, they were asking for they repeated the charges that he was charged with originally, the charge that he was convicted of, and then asked for an explanation and description of the circumstances surrounding his arrest and conviction. The notice of intent to deny did not provide any further clarification of what they meant. No, but that's pretty clear what they want. I mean, they say we would like an explanation and a description of the circumstances surrounding your arrest and conviction. Well, for instance, Your Honor, in other cases that I've handled, when adjudicators are interested in the facts that led to somebody being arrested and convicted of a crime, they'll ask for a recitation of those facts or documentation that could establish those facts. Well, what's an, you know, he got arrested, he got convicted. They're asking, what are the circumstances on his arrest? What's a description? I don't. Your Honor, they're not very clear about that, and that's part of the problem. What's unclear? They ask, give us an explanation. Well, he did explain how those criminal charges were disposed of. The additional complication here. They already knew that. The additional complication here, Your Honor, is that Mr. Oshkosh denied those criminal charges and fought them for almost a year and then ultimately pled to a very different charge than the charges that were originally imposed against him. And, you know, it was very difficult for him to provide an explanation of charges that he explicitly denied. How about the facts surrounding his denial? Well, Your Honor, it wasn't clear that that is what the agency was asking for. So that's basically, your best argument is that you think the request was unclear and, therefore, his response was sufficient and they shouldn't have dismissed on that ground. Well, Your Honor, there was a response filed, but beyond that, the agency's decision was not just limited to, in this case, was not just limited to his failure to respond to an informational request. After the agency indicated that the response was insufficient, the agency did discuss the positive factors in Mr. Oshkosh's case and then went on to say that those positive factors are outweighed by the, quote-unquote, seriousness and nature of the criminal charges against him. Mr. Oshkosh was only convicted of one charge, the disturbing the peace charge. That reference to charges and the seriousness and nature of the charges against him suggests that the agency relied on the original criminal charges against him, which he was not convicted of, to deny his case. Whether the agency departed from its own precedent in handling uncorroborated evidence of unconvicted criminal conduct when the agency denied his case is an issue of law that the district court could have reviewed. And the district court, by failing to review that issue based on the language of the denial, deprived Mr. Oshkosh of any judicial review of his adjustment of status application, including the construction and application of the TRIG inadmissibility ground. The problem of what you tell me was a problem. They didn't just dismiss. They requested information, which didn't come, and then they dismissed. Isn't that what the record shows? Well, the agency requested. . . Are you talking about the agency, Your Honor, or the district court? Either one you want to respond to. Okay. Well, the agency requested information concerning the circumstances surrounding his arrest and conviction. A response to that notice of intent to deny was filed. And then the agency denied the adjustment of status application. The district court did not request additional information concerning the circumstances of Mr. Oshkosh's prior criminal history. Instead, it just relied upon the language of the denial decision, a decision that was outside the pleadings, to determine that it was just the failure to respond to an informational request about criminal history that motivated USCIS to deny the whole case, and that because that was the reason that USCIS denied the case, that was something that required the unreviewable discretionary judgment of agency personnel that the court could not review. So the district court itself did not make a separate informational request. It relied on the language of the denial to determine the scope of its jurisdiction. Now, if there was a question as to whether the response to the notice of intent to deny was filed or whether it was adequate to preclude jurisdiction, then the district court could have granted or ordered jurisdictional discovery to resolve any outstanding questions about whether it could exercise jurisdiction over Mr. Oshkosh's case. But that was not granted or ordered, and the government actually did not request it in this particular case. The other issue here is that the determination by the district court that a decision to refuse an adjustment of status due to an alleged failure to respond to this informational request about his criminal history was, in fact, an unreviewable discretionary judgment that the court could not touch under Section 242A2B2 of the Immigration and Nationality Act. And, in fact, there is no language in the adjustment of status statute that applied to Mr. Oshkosh that commits the agency's handling of evidence of prior criminal conduct to the agency's discretion. This court has traditionally limited the scope of the jurisdictional bars listed in Section 242A2B2 of the Immigration and Nationality Act to their precise language. He's going to say, though, in his same thing he did in his brief, that there are decisions where we have reviewed. The Second Circuit did. Okay. So with respect to—I'm not sure that I'm answering your question. No, all I'm saying to you is that in his brief he answered that question for you. He said he cited cases from the Second Circuit where there was a review. Now you want to tell us why those cases are wrong or why we wanted to not follow that same line of reasoning, don't you? Well, Your Honor, with respect to Section 242A2B2 of the Immigration and Nationality Act, this court at least has divided questions concerning the second-order discretionary judgment that somebody is not deserving of an adjustment of status from some of the preliminary determinations that led to that discretionary judgment. I did cite a couple of cases in my papers that deal with this, but Gutierrez v. Holder, as well as Singh v. Holder, divided the ultimate question of whether somebody is deserving of discretionary relief from removal from some of the first-order questions about how evidence is handled during the adjudication process or whether someone satisfies certain eligibility criteria for relief. And those were circumstances involving discretionary applications for relief from removal. In addition, this court has said that a discretionary determination that is contrary to law or contrary to the immigration authority's own precedence on how to adjudicate cases is not a discretionary determination that is exempt from judicial review. And I would submit that is part of the issue here because the denial relies not just upon an alleged failure to respond to an informational request concerning criminal history, but on the quote-unquote nature and seriousness of criminal charges, not just the charge that he was convicted of. And the Board of Immigration Appeals in Enrique Oregian Rodriguez has said that reliance upon that unconvicted conduct without corroboration and if the non-citizen in question does not admit to that criminal conduct is reversible error. So unless this court has any further questions, I'd like to reserve. Thank you, Your Honor. Good morning. May it please the Court. I am Stephen Platt from the Department of Justice for the Defendants at Belize. The plaintiff in this case was granted asylum and applied for adjustment of status. USCIS denied the application as a discretionary matter because he did not provide, as requested in the Notice of Intent to Deny or NOID, documents concerning his arrest. Plaintiff claims that he cannot be denied adjustment based on an uncorroborated arrest report, but that is not what USCIS did. It was not a merits denial on the content of the report.  Plaintiff basically declined to respond to the NOID because, as he claims, the arrest was not disqualifying. But USCIS wanted to know what he actually did to inform the agency's exercise of discretion. It was fair to ask what he did, not just what he was ultimately convicted of. And in the Immigration and Nationality Act, Congress has placed such discretionary decisions, such as the discretionary decision to deny an adjustment application based on a failure to respond. Beyond judicial review, Congress left in a safety valve for constitutional questions and questions of law, but plaintiff identifies neither here, and neither one that is a colorable ground. Rather, he refused to provide USCIS the information requested, and USCIS fairly under 8 U.S.C. 1252A2B2 denies application, and that decision is unreviewable. The issue here, more specifically, is whether USCIS can deny adjustment on the basis that it thinks its request for information has gone unheeded. It is not whether the discretion was exercised in a particular fashion or whether its annoyed was unclear or confusing. The complaint says, and the district court found, that USCIS used that as its reason to deny the adjustment application. The district court noted that the USCIS decision clearly states that the application was denied due to the failure to respond to the request for information, and in the complaint, paragraph 94, among others, plaintiff admits that that was the at least stated basis for the agency's denial. And I have not seen any case law suggesting that that is a question of law that would bring this decision outside of 1252A2B2 such that the court could review whether the annoyed was unclear, confusing, or that plaintiff's response was somehow sufficient. But, even still, if the court were to look into USCIS's exercise of discretion, which we believe it cannot, the record shows that there was not any question of law or that the exercise was somehow improper or reversible. The district court found from the record that while plaintiff did submit a response to the annoyed, the response never contained any information surrounding the arrest. There was information about the conviction and what charges were ultimately on that judgment of conviction, but there was nothing about the arrest itself. So he never alleges that he provided that background. The other point I would make here, too, is that the court, again, we do not think the court needs to reach the notice of intent to deny and the notice of intent to deny a response, but that it fairly can review the documents it requested last week because it's incorporated by reference by the complaint, and under Federal Rule of Civil Procedure 10, that should be something that is before this court in its consideration. The next point I'd like to make is that although the district court did say that 1252A2B1, which is the clause relating to general adjustment of status under AUSC 1255, was the basis for dismissal here, the actual clause should have been Clause 2, but the effect of both of those clauses brings us to the same place, which is that discretionary decisions, including the one here for asylees, denying those adjustment applications as a matter of discretion is beyond judicial review. And finally, because that decision was an independent reason for denying the adjustment application, separate from the terrorism-related inadmissibility grounds, that is enough for this court to just look solely at the discretionary ground and affirm the judgment of the district court on that ground without having to also look at the terrorism issues. So unless there are any questions from this court, the government respectfully asks that you affirm in full the judgment of the district court. Thank you. So just a couple of points in response to what the government raised. First of all, the government has argued here, as government counsel argued in their briefs, that the only ground for the adverse agency decision in this case is an alleged failure to respond to the notice of intent and to deny with information about Mr. Oshkosh's prior criminal history. The language of that decision refutes the government's argument in that it mentions the original criminal charges against him and the charges that he was convicted of. And even after saying that Mr. Oshkosh failed to respond to an informational request about his case, went on to review the positive equities and determined that the, quote-unquote, nature and seriousness of the criminal charges against him, not the charge that he was convicted of, justified a denial of his case as a discretionary matter. That reference to charges against suggests that they're looking at, you know, unconvicted criminal conduct and that it's not just the response to the informational request alone or lack thereof that prompted the decision. Federal regulations did permit the immigration authorities to deny the adjustment of status application for abandonment based upon a failure to respond under HCFR Section 103.2b.13, but the agency pointedly failed to do so. Now, with respect to the language of the response of the notice of intent to deny, the government characterized that request as what he did to justify the agency's exercise of discretion. That is what the agency was asking for. Unfortunately, that is not the language that the notice of intent to deny used in this case. And, you know, further obscuring the meaning of what the agency was asking for, this was a three-sentence request within a three-page notice of intent to deny that was focused largely on trig and admissibility. The agency had already determined that Mr. Oshawa had a non-waivable ground of inadmissibility for providing material support to a non-designated Tier 3 terrorist organization and that he did not qualify for a discretionary waiver of that ground of inadmissibility. So their request about his prior criminal history was arguably immaterial to the decision in whole. But there was no other opportunity to clarify what exactly the agency was asking for. You know, I had no opportunity to call the adjudicator or contact them in any way to clarify what they were asking for and to appropriately respond. Had I had that opportunity to do so, of course, we would have availed of that. Or any other alternative remedies that would have enabled a response and a full hearing on Mr. Oshawa's underlying claim, including the issues related to trig and admissibility. Thank you very much. Thank you. The case just argued, Oshawa v. Barr, is submitted. Thank both counsel for the argument this morning.
judges: Parker, Farris, McKeown